**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TORRAY BAYLOR, *et al.*,                             * | |
| *Plaintiffs*,                     * | |
|                                                 | Civil Action No. 1:19-cv-1195-RDB |
| v.                                       * | |
| HOMEFIX CUSTOM REMODELING     * | |
| CORPORATION, *et al.* | |
|                                                 * | |
| *Defendants*. | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TOPE**
**LALA, ADAM SHAMPAINE, AND KEITH SINNOTT TO DEFENDANTS'**
**FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants Tope Lala, Adam Shampaine, and Keith Sinnott ("Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to the First Amended Class and Collective Action Complaint filed by Torray Baylor, Antonio Dorsey, Kevon McDonald and Kym Thornton (each a "Plaintiff" and collectively "Plaintiffs").[1] Each paragraph below is a response to the allegations in each of the corresponding paragraphs in Plaintiffs' First Amended Class and Collective Action Complaint, ECF 19 ("Complaint").

**<u>Introduction</u>**

1.    Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Homefix operates in Maryland, Washington D.C., Virginia, and other states.

2.    Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Lead Developers engage in various forms of marketing and business development, which may include, but is not limited to or required to include, canvassing door-to-door,

---

[1] Defendant Homefix Custom Remodeling Corporation ("Homefix") has filed a Partial Motion to Dismiss in response to Plaintiffs' First Amended Class and Collective Action Complaint. ECF 26. Homefix intends to file its Answer and Affirmative Defenses following the resolution of its Motion to Dismiss.

participating in trade show booths, and participating in retail kiosks, and that Lead Developers are generally responsible for developing leads.

3.      Defendants deny the allegations set forth in this Paragraph of the Complaint.

4.      Defendants deny the allegations set forth in this Paragraph of the Complaint.

5.      Defendants deny the allegations set forth in this Paragraph of the Complaint.

6.      Defendants deny the allegations set forth in this Paragraph of the Complaint.

7.      Defendants deny the allegations set forth in this Paragraph of the Complaint.

8.      Defendants deny the allegations set forth in this Paragraph of the Complaint.

9.      No response is required to this Paragraph of the Complaint.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs purport to bring the lawsuit referenced therein.

10.     No response is required to this Paragraph of the Complaint.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs purport to bring the lawsuit referenced therein and that Plaintiffs purport to bring the Complaint on behalf of themselves and all others alleged to be similarly situated.  Defendants deny that Plaintiffs are similarly situated to anyone in their  proposed "Collective" or their various proposed "Classes."  Defendants further deny that this action is appropriate for class or collective treatment.

## Jurisdiction and Venue

11.     This Paragraph of the Complaint is a jurisdictional statement and conclusion of law to which no response is required.  To the extent this Paragraph is deemed to contain any factual allegations, Defendants deny such allegations and specifically deny that there is any basis in fact or law for Plaintiffs' claims.

12.     This Paragraph of the Complaint is a jurisdictional statement and conclusion of law to which no response is required.  To the extent this Paragraph is deemed to contain any factual allegations, Defendants deny such allegations and specifically deny that there is any basis in fact or law for Plaintiffs' claims.

13.     This Paragraph of the Complaint is a venue statement and conclusion of law to which no response is required.  To the extent this Paragraph is deemed to contain any factual allegations, Defendants deny such allegations except admit that Homefix conducts business in the district and that venue is therefore proper.  Defendants specifically deny that there is any basis in fact or law for Plaintiffs' claims.

## **Parties**

14.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Torray Baylor is a Black Washington, D.C. resident."

15.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Antonio Dorsey is a Black Maryland resident."

16.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Kevon McDonald is a Black Maryland resident."

17.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Kym Thornton is a Black Alabama resident."

18.     This Paragraph of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, and further deny that any documents or exhibit were attached to the Complaint.

19.     This Paragraph of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Homefix is a Maryland corporation with its headquarters located in Maryland.

20.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Homefix has in excess of $500,000 in annual revenue from its services.

21.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Homefix is a leading business in its industry; Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations related to the "2017, Inc. 5000" report.

22.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Tope Lala is a resident of Howard County, Maryland, is the President of Homefix, and, in that role, he had the authority to make hiring and firing decisions and related decisions.  The allegations concerning "employer" status contained in this Paragraph of the Complaint state a legal conclusion to which no response is required.

23.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Keith Sinnott is the Senior Vice President of Homefix, and, in that role, he had the authority to make hiring and firing decisions and related decisions.  The allegations concerning

"employer" status contained in this Paragraph of the Complaint state a legal conclusion to which no response is required.

24.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Adam Shampaine is a resident of Anne Arundel County, Maryland, is the Chief Executive Officer of Homefix, and, in that role, he had the authority to make hiring and firing decisions and related decisions.  The allegations concerning "employer" status contained in this Paragraph of the Complaint state a legal conclusion to which no response is required.

25.     This Paragraph of the Complaint is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.  Defendants specifically deny that they were the "employers" or "joint employers" of Plaintiffs and some or all members of the alleged putative class within the meaning of the FLSA, MWPCL, MWHL, DCMWRA or DCWPCL, and are not liable, jointly or severally, for any alleged damages or other relief requested.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

A.     "***Defendants' Pyramid Marketing Operation***"[2]

26.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Homefix operates in Maryland, Washington D.C., Virginia, North Carolina, and other states.

27.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Lead Developers may canvass neighborhoods or participate in events, such as trade shows, in order to generate leads.

---

[2] The headings and other captions used in this Answer are copied verbatim from the Complaint for convenience and reference purposes only.  The headings and other captions shall not be construed as Defendants' admission or agreement with the content of the heading, and shall not be used in interpreting or construing any statement in this Answer or to define or limit the scope of any statement in this Answer.

28.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Homefix recruits Lead Developers through various channels, both online and in-person.

29.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit Lead Developers are classified as independent contractors.

30.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Lead Developers may develop leads through various means, which may include, but which is not limited to or required to include, visiting homeowners, participating in trade shows, or participating  in retailer events.

31.     Defendants deny the allegations contained in this Paragraph of the Complaint.

32.     Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Lead Developers may communicate with Homefix regarding leads and that various codes may be issued and utilized.

33.     Defendants deny the allegations contained in this Paragraph of the Complaint.

34.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that there can be distinctions between Lead Developers and sales representatives.

35.     Defendants deny the allegations contained in this Paragraph of the Complaint.

36.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that Homefix documents relevant information.

37.     Defendants deny the allegations contained in this Paragraph of the Complaint.

38.     Defendants deny the allegations contained in this Paragraph of the Complaint.

39.     Defendants deny the allegations contained in this Paragraph of the Complaint.

40.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that Homefix may generate revenue as a result of successful lead generation.

41.     Defendants deny the allegations contained in this Paragraph of the Complaint.

42.     Defendants deny the allegations contained in this Paragraph of the Complaint.

**B.**     "*Defendants Employ Lead Developers*"

43.     Defendants deny the allegations contained in this Paragraph of the Complaint.

44.     Defendants deny the allegations contained in this Paragraph of the Complaint.

45.     Defendants deny the allegations contained in this Paragraph of the Complaint.

46.     Defendants deny the allegations contained in this Paragraph of the Complaint.

47.     Defendants deny the allegations contained in this Paragraph of the Complaint.

48.     Defendants deny the allegations contained in this Paragraph of the Complaint.

49.     Defendants deny the allegations contained in this Paragraph of the Complaint.

50.     Defendants deny the allegations contained in this Paragraph of the Complaint.

51.     Defendants deny the allegations contained in this Paragraph of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mike Trost; and Defendants otherwise deny the allegations set forth in this Paragraph of the Complaint.

53.     Defendants deny the allegations contained in this Paragraph of the Complaint.

54.     Defendants deny the allegations contained in this Paragraph of the Complaint.

55.     Defendants deny the allegations contained in this Paragraph of the Complaint.

56.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that Lead Developers may use kiosks at retail outlets and that their primary responsibility is to generate leads.

57.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that Lead Developers may attend trade shows, and that Homefix participates in various trade shows in Virginia, Maryland and Washington, D.C.

58.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that Lead Developers may attend trade shows, and that Homefix participates in various trade shows in Virginia, Maryland and Washington, D.C.

59.     Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that Lead Developers may participate in vendor booths at events and various locations.

60.     Defendants deny the allegations contained in this Paragraph of the Complaint.

61.     Defendants deny the allegations contained in this Paragraph of the Complaint.

62.     Defendants deny the allegations contained in this Paragraph of the Complaint.

63.     Defendants deny the allegations contained in this Paragraph of the Complaint.

64.     Defendants deny the allegations contained in this Paragraph of the Complaint.

65.     Defendants deny the allegations contained in this Paragraph of the Complaint.

66.     Defendants deny the allegations contained in this Paragraph of the Complaint.

67.     Defendants deny the allegations contained in this Paragraph of the Complaint.

68.     Defendants deny the allegations contained in this Paragraph of the Complaint.

69.     Defendants deny the allegations contained in this Paragraph of the Complaint.

70.     Defendants deny the allegations contained in this Paragraph of the Complaint.

71.     Defendants deny the allegations contained in this Paragraph of the Complaint.

72.     Defendants deny the allegations contained in this Paragraph of the Complaint.

**C.** *"Plaintiffs' Employment with Defendants"*

73.     Defendants deny the allegations contained in this Paragraph of the Complaint.

     **i.**       **Plaintiff Torray Baylor**

74.     Defendants deny the allegations contained in this Paragraph of the Complaint.

75.     Defendants deny the allegations contained in this Paragraph of the Complaint.

76.     Defendants deny the allegations contained in this Paragraph of the Complaint.

77.     Defendants deny the allegations contained in this Paragraph of the Complaint.

78.     Defendants deny the allegations contained in this Paragraph of the Complaint.

79.     Defendants deny the allegations contained in this Paragraph of the Complaint.

80.     Defendants deny the allegations contained in this Paragraph of the Complaint.

81.     Defendants deny the allegations contained in this Paragraph of the Complaint.

     **ii.**      **Plaintiff Antonio Dorsey**

82.     Defendants deny the allegations contained in this Paragraph of the Complaint.

83.     Defendants deny the allegations contained in this Paragraph of the Complaint.

84.     Defendants deny the allegations contained in this Paragraph of the Complaint.

85.     Defendants deny the allegations contained in this Paragraph of the Complaint.

86.     Defendants deny the allegations contained in this Paragraph of the Complaint.

     **iii.**     **Plaintiff Kevon McDonald**

87.     Defendants deny the allegations contained in this Paragraph of the Complaint.

88.     Defendants deny the allegations contained in this Paragraph of the Complaint.

89.     Defendants deny the allegations contained in this Paragraph of the Complaint.

90.     Defendants deny the allegations contained in this Paragraph of the Complaint.

91.     Defendants deny the allegations contained in this Paragraph of the Complaint.

     **iv.**     **Plaintiff Kym Thornton**

92.     Defendants deny the allegations contained in this Paragraph of the Complaint.

93.     Defendants deny the allegations contained in this Paragraph of the Complaint.

94.     Defendants deny the allegations contained in this Paragraph of the Complaint.

95.     Defendants deny the allegations contained in this Paragraph of the Complaint.

96.     Defendants deny the allegations contained in this Paragraph of the Complaint.

97.     Defendants deny the allegations contained in this Paragraph of the Complaint.

98.     Defendants deny the allegations contained in this Paragraph of the Complaint.

**D.**     "***Defendants' Failure to Pay Minimum and Overtime Wages***"

99.     Defendants deny the allegations contained in this Paragraph of the Complaint.

100.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

101.     Defendants deny the allegations contained in this Paragraph of the Complaint. Defendants specifically deny being responsible for compensating Plaintiffs.

102.     Defendants deny the allegations contained in this Paragraph of the Complaint. Defendants specifically deny being responsible for compensating Plaintiffs.

103.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Complaint and, therefore, deny them, except state that Plaintiffs' compensation was generally dependent upon generating leads.

104.     Defendants deny the allegations contained in this Paragraph of the Complaint.

105.     Defendants deny the allegations contained in this Paragraph of the Complaint.

106.     Defendants deny the allegations contained in this Paragraph of the Complaint.

107.   This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny Plaintiffs were employed by Homefix when providing lead development services, and Defendants deny the remaining allegations set forth in this Paragraph of the Complaint.

108.   This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

109.   This Paragraph of the Complaint constitutes and presumes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, and specifically deny the inference that Mr. Baylor was entitled to "an overtime rate of 1.5 times his regular hourly rate when he worked in excess of 40 hours per workweek."

110.   This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

111.   This Paragraph of the Complaint constitutes and presumes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, and specifically deny the inference that Mr. Dorsey was entitled to "an overtime rate of 1.5 times his regular hourly rate when he worked in excess of 40 hours per workweek."

112.   This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

113.    This Paragraph of the Complaint constitutes and presumes a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, and specifically deny the inference that Mr. McDonald was entitled to "an overtime rate of 1.5 times his regular hourly rate when he worked in excess of 40 hours per workweek."

114.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

115.    This Paragraph of the Complaint constitutes and presumes a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, and specifically deny the inference that Mr. Thornton was entitled to "an overtime rate of 1.5 times his regular hourly rate when he worked in excess of 40 hours per workweek."

116.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

117.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

118.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

119.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

120.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

121.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

**E.**      "***Defendant Homefix's Failure to Pay Promised Compensation***"

122.    This Paragraph of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

123.    Defendants deny the allegations contained in this Paragraph of the Complaint.

124.    Defendants deny the allegations contained in this Paragraph of the Complaint.

125.    Defendants deny the allegations contained in this Paragraph of the Complaint.

126.    Defendants deny the allegations contained in this Paragraph of the Complaint.

127.    Defendants deny the allegations contained in this Paragraph of the Complaint.

128.    Defendants deny the allegations contained in this Paragraph of the Complaint.

129.    Defendants deny the allegations contained in this Paragraph of the Complaint.

130.    Defendants deny the allegations contained in this Paragraph of the Complaint.

131.    Defendants deny the allegations contained in this Paragraph of the Complaint.

132.    Defendants deny the allegations contained in this Paragraph of the Complaint.

133.    Defendants deny the allegations contained in this Paragraph of the Complaint.

134.    Defendants deny the allegations contained in this Paragraph of the Complaint.

135.    Defendants deny the allegations contained in this Paragraph of the Complaint.

136.    Defendants deny the allegations contained in this Paragraph of the Complaint.

**F.**    "*Defendant Homefix Discriminated Against Plaintiffs Due to Race*"

137.    Defendants deny the allegations contained in this Paragraph of the Complaint.

138.    Defendants deny the allegations contained in this Paragraph of the Complaint.

139.    Defendants deny the allegations contained in this Paragraph of the Complaint.

140.    Defendants deny the allegations contained in this Paragraph of the Complaint.

141.    Defendants deny the allegations contained in this Paragraph of the Complaint.

142.    Defendants deny the allegations set forth in this Paragraph of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the demographic allegations.

143.    Defendants deny the allegations set forth in this Paragraph of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the demographic allegations.

144.    Defendants deny the allegations contained in this Paragraph of the Complaint, except admit that there can be wealth disparities amongst communities in which Lead Developers elect to canvass.

145.    Defendants deny the allegations contained in this Paragraph of the Complaint.

**Plaintiffs' Collective Action Allegations Under the FLSA**

146.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

147.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

148.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

149.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

150.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

151.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

152.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

153.    Defendants deny the allegations contained in this Paragraph of the Complaint.

154.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

155.    Defendants deny the allegations contained in this Paragraph of the Complaint.

156.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

**Plaintiffs' Class Action Allegations**

157.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

158.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiff Thornton purports to bring class claims.

159.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs Baylor, Dorsey and McDonald purport to bring class claims.

160.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs Baylor, Dorsey and McDonald purport to bring class claims.

161.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs Baylor, Dorsey and McDonald purport to bring class claims.

162.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs Baylor, Dorsey and McDonald purport to describe a class.

163.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiff Thornton purports to describe a class.

164.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs Baylor, Dorsey and McDonald purport to describe a class.

165.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs purport to represent a class.

166.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, except admit that Plaintiffs purport to describe a class.

167.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

168.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

169.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

170.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

171.     Defendants deny the allegations contained in this Paragraph of the Complaint.

172.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint, inclusive of sub-paragraphs (a–i).

173.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

174.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Complaint, and, therefore, deny them.

175.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

**COUNT I**

**FAIR LABOR STANDARDS ACT**

176.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

177.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

178.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

179.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

180.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

**COUNT II**

**MARYLAND WAGE PAYMENT AND COLLECTION ACT**

181.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

182.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

183.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

184.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

185.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

186.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

187.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

## COUNT III

### MARYLAND WAGE AND HOUR LAW

188.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

Case 1:19-cv-01195-RDB   Document 27   Filed 08/09/19   Page 21 of 31


189.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

190.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

191.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

## COUNT IV

## D.C. WAGE PAYMENT AND COLLECTION LAW

192.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

193.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

194.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

195.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

196.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

197.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

## COUNT V

## VIOLATION OF THE D.C. MINIMUM WAGE REVISION ACT

198.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

199.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

200.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

201.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

202.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

## COUNT VI

## MARYLAND BREACH OF CONTRACT

Defendants aver that no response is required to the allegations set forth as Count VI of the Complaint (Paragraphs 203–09 and the prayer for relief on Count VI) as such count is propounded solely against Defendant Homefix. Without prejudice to the foregoing averment, to the extent a response is deemed required, Defendants respond as follows:

203.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

204.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

205.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

206.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

207.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

208.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

209.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

## COUNT VII

### VIRGINIA BREACH OF CONTRACT

Defendants aver that no response is required to the allegations set forth as Count VII of the Complaint (Paragraphs 210–16 and the prayer for relief on Count VII) as such count is propounded solely against Defendant Homefix. Without prejudice to the foregoing averment, to the extent a response is deemed required, Defendants respond as follows:

210.    Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

211.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

212.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

213.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

214.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

215.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

216.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

## COUNT VIII

Defendants aver that no response is required to the allegations set forth as Count VIII of the Complaint (Paragraphs 217–22 and the prayer for relief on Count VIII) as such count is propounded solely against Defendant Homefix. Without prejudice to the foregoing averment, to the extent a response is deemed required, Defendants respond as follows:

217.     Defendants hereby re-allege and incorporate their answers set forth in the preceding paragraphs as though fully set forth herein.

218.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

219.     This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

220.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

221.     Defendants deny the allegations set forth in this Paragraph of the Complaint.

222.    This Paragraph of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this Paragraph of the Complaint.

### PRAYER FOR RELIEF

Defendants deny the allegations set forth in the "WHEREFORE" clause and sub-paragraphs "a"–"l" thereof contained on pages 47–49 of the Complaint, except admit that Plaintiffs pray for judgment against Defendants and Defendant Homefix and that they seek the relief and remedies recited therein.  Defendants deny that Plaintiffs are entitled to any such judgment, relief, certification, or remedies.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of proof that otherwise does not exist as a matter of law.  Defendants also expressly deny the existence of any alleged putative group of "similarly situated" persons that Plaintiffs purport to represent in this lawsuit.  Defendants incorporate (as if fully set forth herein) this express denial with each and every reference to "Plaintiffs."

1.    The Complaint, and each and every cause of action alleged therein, fail, in whole or in part, to state sufficient facts to constitute a cause of action upon which relief may be granted.

2.    Plaintiffs and/or some or all members of the alleged putative Class were paid all wages due, if any, in accordance with the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 USC 201, *et. seq.*

3.    Plaintiffs and/or some or all members of the alleged putative Class were paid all wages due, if any, in accordance with the Maryland Wage Payment and Collection Law

("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* and Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*

4.      Plaintiffs and/or some or all members of the alleged putative Class were paid all wages due, if any, in accordance with Maryland common law and/or contract law.

5.      Plaintiffs and/or some or all members of the alleged putative Class were paid all wages due, if any, in accordance with the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301(1B), *et seq.* and the D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code §32-1002(3), *et seq.*

6.      Plaintiffs and/or some or all members of the alleged putative Class were paid all wages due, if any, in accordance with Virginia common law and/or contract law.

7.      Some or all of the claims of the alleged putative Class are barred, in whole or in part, by the applicable statutes of limitations.

8.      Plaintiffs and some or all members of the alleged putative Class were not "employees" within the meaning of the FLSA, MWPCL, MWHL, DCWPCL and DCMWRA when they were performing lead development services pursuant to independent contractor arrangements with Homefix.

9.      Defendants were not the "employers" or "joint employers" of Plaintiff and some or all members of the alleged putative Class within the meaning of the FLSA, MWPCL, MWHL, DCWPCL and DCMWRA when they were performing lead development services pursuant to independent contractor arrangements with Homefix, and are not liable, jointly or severally, for any alleged damages or other relief requested.

10.     The Complaint and each and every cause of action alleged therein seeking recovery of unpaid wages, is barred, in whole or in part, because Defendants did not misclassify as

Case 1:19-cv-01195-RDB   Document 27   Filed 08/09/19   Page 28 of 31


independent contractors Plaintiffs or any member of the alleged putative Class with respect to lead developer services. For such services, Plaintiff and the alleged putative Class meet the relevant tests for independent contractor status under the FLSA, MWPCL, MWHL, DCWPCL and DCMWRA.

11.     Any claim for treble damages and attorneys' fees under the MWPCL is barred in whole or in part because a *bona fide* dispute exists as to whether Plaintiffs or the independent contractor Lead Developers were "employees" when performing lead development services for Homefix.

12.     Any claim for liquidated damages and attorneys' fees under the MWHL is barred in whole or in part because a *bona fide* dispute exists as to whether Plaintiffs or the independent contractor Lead Developers were "employees" when performing lead development services for Homefix.

13.     Any claim for treble damages and attorneys' fees under the DCWPCL is barred in whole or in part because a *bona fide* dispute exists as to whether Plaintiffs or the independent contractor Lead Developers were "employees" when performing lead development services for Homefix.

14.     Any claim for liquidated damages and attorneys' fees under the DCMWRA is barred in whole or in part because a *bona fide* dispute exists as to whether Plaintiffs or the independent contractor Lead Developers were "employees" when performing lead development services for Homefix.

15.     The Complaint fails to properly state a claim upon which prejudgment interest may be awarded as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

16.     Plaintiffs' request for relief that are equitable in nature must be dismissed because Plaintiffs and some or all members of the alleged putative Class have adequate remedies at law.

17.     Defendants have not willfully failed to pay Plaintiffs and/or any member of the alleged putative Class any wages and/or monies claimed due.

18.     The Complaint, and each and every cause of action alleged therein seeking recovery of unpaid wages, is barred, in whole or in part, because any act or omission taken in connection with the compensation of Plaintiffs and/or some or all members of the alleged putative Class was done in good faith in conformity with and reliance upon audits and written opinions of the IRS and State governments, written administrative regulations, orders, rulings, approvals, interpretations, or written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, 29 U.S.C. § 259.

19.     The Complaint, and each and every cause of action alleged therein seeking recovery of unpaid wages, is barred, in whole or in part, because any act or omission taken in connection with the compensation of Plaintiff and/or some or all members of the alleged putative Class was done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, 29 U.S.C. § 260.

20.     The Complaint, and each and every cause of action set forth therein as a representative or class action, fails because Plaintiffs have failed to plead sufficient facts, and cannot establish the necessary procedural elements for collective treatment under Section 16(b) of the FLSA or class treatment under Fed. R. Civ. P. 23(a) and (b), or the Maryland Rules of Court or the Virginia Rules of Court, and/or a collective or class action is not an appropriate method for the fair, manageable, and efficient adjudication of the claims described in the Complaint.

21.     Plaintiffs are not similarly situated to the alleged putative Class member who Plaintiffs seek to represent and are not an adequate representative of the putative Class.

22.     Plaintiffs cannot satisfy the commonality and typicality requirements for class treatment under Fed. R. Civ. P. 23(a), or corresponding state laws.

23.     The Maryland state law claims cannot be certified as a class under any subpart of Fed. R. Civ. P. 23(b).

24.     The Virginia state law claims cannot be certified as a class under any subpart of Fed. R. Civ. P. 23(b).

25.     The District of Columbia law claims cannot be certified as a class under any subpart of Fed. R. Civ. P. 23(b).

26.     Plaintiffs' counsel cannot fairly and adequately protect the interests of the class.

27.     The claims alleged in the Complaint are matters in which individual questions predominate and are not appropriate for class treatment.

28.     Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants pray:

1.     This action not be certified as a class or collective action;

2.     Plaintiffs and the alleged putative class or collective take nothing by way of the Complaint;

3.     Plaintiffs' Complaint be dismissed in its entirety with judgment entered against Plaintiffs and in favor of Defendants on each and every cause of action;

4.      Plaintiffs be ordered to pay Defendants' attorneys' fees and costs as permitted by law;

5.      Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: August 9, 2019                        Respectfully submitted,

                                             _____/s/_____
                                             Judd G. Millman (Fed Bar No. 18212)
                                               judd@luchanskylaw.com
                                             Bruce M. Luchansky (Fed. Bar No. 08439)
                                               lucky@luchanskylaw.com
                                             **LUCHANSKY MILLMAN**
                                             606 Bosley Avenue, Suite 3B
                                             Towson, Maryland 21204
                                             Telephone: (410) 522-1020
                                             *Attorneys for Defendants Homefix Custom*
                                             *Remodeling Corporation, Tope Lala, Adam*
                                             *Shampaine, and Keith Sinnott*


<u>**CERTIFICATE OF SERVICE**</u>

I, hereby, certify that on August 9, 2019, a copy of the foregoing was served via the United States District Court for the District of Maryland's electronic filing system upon all counsel of record registered to receive such notifications.  **Due to this filing exceeding 15-pages, I certify that a copy was mailed via U.S. First Class mail to Clerk of the Court.**

                                             _____/s/_____
                                             Judd G. Millman